# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALEJANDRO GARCIA, | CIVIL ACTION NO. |
| Movant, | 1:11-cv-544-WSD-JFK |
| v. | CRIMINAL ACTION NO. |
| UNITED STATES OF AMERICA, | 1:08-cr-437-04-WSD-JFK |
| Respondent. | |

## OPINION AND ORDER

Movant, Alejandro Garcia ("Garcia" or "Movant"), moves under 28 U.S.C. § 2255 to vacate his sentence. [227]. On December 27, 2011, Magistrate Judge King issued her Report and Recommendation ("R&R") [259] recommending that Movant's 2255 motion be granted on his claim that his trial counsel failed to file an appeal; be dismissed, without prejudice, on his other claims; and sentence reimposed with appropriate credit for time already served.

## I. BACKGROUND

Garcia was one of six defendants indicted in this drug conspiracy prosecution. The grand jury for the Northern District of Georgia indicted Movant in Count One, for conspiring to possess with the intent to distribute at least one of the following: at least 500 grams of cocaine and at least 5 grams of cocaine base, in

violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(ii), (iii); in Count Two, for possessing with intent to distribute at least 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1),(b)(1)(B)(ii); and in Count Three, for possessing with intent to distribute at least 5grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii). [42]. Movant was convicted of Count One. In a Judgment and Commitment Order entered on December 10, 2009, the Court sentenced Movant to seventy-four (74) months of imprisonment. [161].

Movant, *pro se*, filed an untimely appeal on April 16, 2010 [196] and on January 7, 2011, the Eleventh Circuit Court of Appeals dismissed the appeal as untimely.

On January 23, 2011, Movant filed the instant 28 U.S.C. § 2255 motion in which he asserts (1) ineffective assistance of counsel based on his receiving a two-level sentencing guideline enhancement for possessing a dangerous weapon, (2) ineffective assistance of counsel for not requesting a two-point reduction based on "Amendment 704[,]" and (3) ineffective assistance of counsel for failing to file a timely notice of appeal on the grounds that Movant claims he requested an appeal be taken but that "[i]t was not until months later that [he] was informed that no 'notice of appeal' was filed by defense counsel." [Doc. No. 227 ¶¶ 16, 22-24, 26].

Movant also requests that his sentence be modified based on the 2010 amendment to the cocaine-base sentencing guidelines. (Id. ¶ 25).

The Magistrate Judge recommends that Movant's 2255 motion be granted on his claim that his trial counsel failed to file an appeal; be dismissed, without prejudice, on his other claims; and sentence be reimposed with appropriate credit for time already served. Garcia has not asserted any objections to the R&R.

## I. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'" Jeffrey S. by Ernest S. v. State Board of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess. (1976)). With respect to

those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

B. Request for out-of-time appeal and for sentence reduction

Garcia did not object to the Magistrate Judge's R&R. Upon review, the Court finds no plain error in the Magistrate Judge's recommendation that Garcia's §2255 motion be granted to allow Garcia to file an out-of-time appeal. The Court notes that:

> When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be imposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).

United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000).

C. Sentence Reduction

In processing this Court's grant of an out-of-time appeal, the Court considers whether Garcia is entitled to a sentence reduction under the Fair Sentencing Act of 2011. Finding that he does, the Court does not simply re-impose the sentence

4

Garcia received previously. Rather, the Court imposes a reduced sentence pursuant to the requirements of the Fair Sentencing Act of 2011 and the revised guideline ranges adopted by the United States Sentencing Commission.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge King's Report and Recommendation ("R&R") [259] is **ADOPTED.**

**IT IS FURTHER ORDERED** that Movant's 2255 motion [227] be granted on his claim that his trial counsel failed to file an appeal and be dismissed, without prejudice, on his other claims.

**IT IS FURTHER ORDERED** that the Court **VACATES** the judgment from which the out-of-time appeal is permitted. The Court notes, however, that in light of the Fair Sentencing Act of 2011, the Court is required to re-evaluate the applicable guideline range for an offense under 18 U.S.C. § 3582(c)(2), and to impose a term of imprisonment based on a guideline range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). Taking into account the policy statement set forth at USSG §1B1.10, and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the Court **ORDERS** that Garcia's previously

imposed sentence of imprisonment of seventy-four (74) months is hereby **VACATED**, and the Court hereby **IMPOSES** the reduced sentence of sixty-three (63) months with appropriate credit (i) for time already served and (ii) for sums of the special assessment that may have already been paid in accord with the Court's December 7, 2011, Notice.

**IT IS FURTHER ORDERED** that the time for filing an appeal has been amended and Garcia now has fourteen days from the filing of this Order to file his Notice of Appeal.

**SO ORDERED** this 21st day of February, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE